Cupp, J.,
concurring.
{¶ 24} I am generally in accord with the discussion and analysis of the lead opinion. I also concur in the majority’s decision to affirm the judgment of the *143 court of appeals. I write separately, however, to express the hope that future loss-of-use analysis will be assisted by an updated perspective of medical science as it relates to visual improvement.
{¶ 25} This case is before us largely because implants and transplants continue to be classified as corrective rather than restorative. That characterization was first articulated in State ex rel. Kroger v. Stover (1987), 31 Ohio St.3d 229, 31 OBR 436, 510 N.E.2d 356, reaffirmed in 2004 in State ex rel. Gen. Elec. Corp. v. Indus. Comm., 103 Ohio St.3d 420, 2004-Ohio-5585, 816 N.E.2d 588, affirmed again just last year in State ex rel. Lar-Z-Boy Furniture Galleries v. Thomas, 126 Ohio St.3d 134, 2010-Ohio-3215, 931 N.E.2d 545, and now here. In continuing to rely on Kroger, however, we are, by extension, also relying on the state of medical science as it was 24 years ago when that case was decided. At some point we must consider how long it is appropriate for us to do so, given the vast improvements in medical science that have occurred since then. But, to do so, we must have an adequate record on which to base our judgment. Perhaps an appropriate case will come before the Industrial Commission in which that record can be made, and the commission can evaluate the available evidence on the present state of medical science in this regard.